IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-02-252 (3) |
| | § | C.A. No. C-04-435 |
| ANASTACIO CANTU, | § | |
| | § | |
| Defendant/Movant. | | § |

**MEMORANDUM OPINION AND ORDER DISMISSING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Anastacio Cantu's ("Cantu's") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  (D.E. 216).[1]  His motion was originally filed as a motion pursuant to 28 U.S.C. § 2241 in the Middle District of Florida, where it was received by the Clerk on July 16, 2004.[2]  The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE

---

[1]    Dockets entries refer to the criminal case, C-02-cr-252.

[2]    Nowhere does Cantu's motion indicate when it was delivered to prison authorities for filing, the pertinent date for deeming a document filed by a *pro se* prisoner under Houston v. Lack, 487 U.S. 266. 276 (1988).  See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).  As found herein, however, Cantu's motion was filed approximately five months past the deadline for filing, even by his own admission.  There is nothing in the record to suggest that Cantu delivered it in a timely fashion (that is, in early February 2004), but that prison officials held on to it for five months.

1

UNITED STATES DISTRICT COURTS.  For the reasons set forth below, the Court DENIES

Cantu's motion as time-barred.  Additionally, the Court DENIES Cantu a Certificate of

Appealability.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II.  FACTS AND PROCEEDINGS

On September 9, 2002, Cantu was charged in a two-count indictment with:  1)

conspiring to knowingly and intentionally possess with intent to distribute approximately

500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 (count

one); and 2) conspiring to knowingly and intentionally possess with intent to distribute

approximately 500 kilograms of a mixture or substance containing a detectable amount of

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (count

two). (D.E. 1).  After his jury trial had begun, Cantu decided to plead guilty to count one.

(D.E. 111).  In exchange, the government agreed to withdraw a sought enhancement and to

move to dismiss count two.  (D.E. 111, 115).  The rearraignment was held on November

4, 2002, and the Court accepted his guilty plea. (D.E. 115).

Cantu was sentenced on January 21, 2003, and judgment of conviction was entered

on January 24, 2003. (D.E. 153, 156).  Cantu did not appeal his conviction or sentence.

Instead, he filed a motion for relief pursuant to § 2241 on July 16, 2004 in the Middle

District of Florida. (D.E. 216).   Judge William Terrell Hodges of that court entered an

order noting that the issues raised in the petition were challenges to Cantu's conviction and sentence, not to the manner in which it was being carried out, and thus were properly asserted in a § 2255 motion. (D.E. 215, p. 2).   Judge Hodges also recognized that the "savings clause" of § 2241 would not allow Cantu to seek relief under that provision merely because he did not timely file a § 2255 motion.  (D.E. 215, p. 3).  That fact does not render § 2255 inadequate or ineffective to test the legality of Cantu's conviction.  (Id.)  Judge Hodges' order concluded:

> Because Petitioner has never requested relief in the sentencing court pursuant to § 2255 and because the sentencing court has not had the opportunity to actually address the timeliness of such a motion, rather than dismiss this case, the Court will grant Petitioner's request for transfer to the Southern District of Texas for review under § 2255.

(Id. at 4).  Thus, the motion was transferred here and properly docketed as a motion to vacate, under 28 U.S.C. § 2255.  (D.E. 216).

On August 20, 2004, the Court received a second order from the Middle District of Florida, striking a motion filed there by Cantu which sought to file a supplemental brief. (D.E. 219, 220).  Cantu then re-filed the motion to supplement here, which requested permission to file a supplemental brief addressing Blakely v. Washington, 124 S. Ct. 2531 (2004).  (D.E. 221).  In an order dated October 10, 2004, the Court notified Cantu that his motion was being recharacterized as a § 2255 motion.  (D.E. 222).  In the same order, the Court advised Cantu that he should file any supplemental grounds for relief not later than

3

forty-five days after the entry of the Order.  Cantu subsequently sought an extension of time to file a supplemental brief, which was granted.  (D.E. 224, 226).  His supplemental brief raising claims under Blakely and United States v. Booker, 125 S. Ct.  738 (2005) was filed on January 27, 2005.  (D.E. 228).  His § 2255 motion, including the supplemental claims, is now pending before the Court.

## III.  DISCUSSION

### A.    Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3]  28 U.S.C. § 2255.  The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired.  Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

---

[3]     The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

4

The period for Cantu to file a notice of appeal from the judgment against him expired ten days after the entry of his judgment of conviction.  Fed. R. App. P. 4(b).  As calculated under Rule 26 of the Federal Rules of Appellate Procedure, ten days after January 24, 2003 is February 7, 2003.  Cantu's time period for filing a motion pursuant to 28 U.S.C. § 2255 expired a year after that date, or on February 7, 2004.  Cantu's motion was received by the Clerk in the Middle District of Florida on July 16, 2004.  Thus, it was filed more than five months beyond the deadline.

Cantu acknowledges that his motion is not timely, but offers no explanation whatsoever for his delay in filing, either in his motion or his accompanying memorandum. Accordingly, his motion is untimely and this Court does not have jurisdiction to consider it.

**B.     Timeliness of <u>Booker</u> claim**

One of the claims raised by Cantu relies on the Supreme Court's decision in <u>Blakely</u>, 124 S. Ct. 2531 (2004), subsequently extended to the federal guidelines in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).   Specifically, he argues that enhancements to his sentence violated his Sixth Amendment rights because they were based on facts found by the Court by a preponderance of the evidence, rather than found by a jury beyond a reasonable doubt. (D.E. 228).  If <u>Booker</u> applies retroactively to cases on collateral review, then his <u>Booker</u> claim is arguably timely under § 2255(3). <u>See</u> <u>supra</u> note 3.

5

The Fifth Circuit has not yet addressed whether <u>Booker</u> is retroactively applicable on initial collateral review, although it recently held that the Supreme Court has not made <u>Booker</u> retroactive, for purposes of allowing second or successive petitions under 28 U.S.C. § 2255. <u>In re Elwood</u>, __ F.3d __, 2005 WL 976998 (5th Cir. April 28, 2005).  The Second, Sixth, Seventh, and Eleventh Circuits have all addressed the retroactivity of <u>Booker</u> on initial collateral review, however, and have concluded that <u>Booker</u> does not apply retroactively.   <u>See</u> <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir. 2005)(concluding that <u>Booker</u> states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); <u>United States v. Humphress</u>, 398 F.3d 855 (6th Cir. 2005)(same); <u>Varela v. United States</u>, 400 F. 3d. 864 (11th Cir. 2005)(same); <u>Guzman v. United States</u>, 404 F.3d 139 (2d Cir. 2005)(same).

Similarly, in a post-<u>Booker</u> decision, the Tenth Circuit rejected a § 2255 movant's argument that <u>Blakely</u> applies retroactively.  <u>United States v. Price</u>, 400 F.3d 844 (10th Cir. 2005).  In so doing, the <u>Price</u> court utilized reasoning which would be equally applicable to <u>Booker</u>.  <u>See generally</u> <u>id.</u>[4]

The Court agrees with the reasoning set forth in the foregoing cases and thus concludes that <u>Booker</u> is not retroactive to cases on collateral review.  Because Cantu's conviction became final prior to January 12, 2005, he is not entitled to relief under <u>Booker</u>.

---

[4]       Notably, this Court has been unable to locate any federal decision, from either district courts or circuit courts, holding that <u>Booker</u> does apply retroactively.

6

His Booker claim, like the rest of his claims, is barred by the applicable statute of limitations.

## C.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A).  A COA, however, "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003).  Although Cantu has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5thCir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000)(emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide

whether Cantu has stated a valid claim for relief, because he cannot establish the second

Slack criterion.  That is, reasonable jurists could not disagree that his motion is time-barred,

nor could they disagree that the Court's procedural ruling on this point is correct.

Accordingly, Cantu is not entitled to a COA.

## IV.  CONCLUSION

For the above-stated reasons, Cantu's motion under 28 U.S.C. § 2255 (D.E. 116)

is DENIED.  The Court also DENIES Cantu a Certificate of Appealability.


ORDERED this 31st day of May 2005.


_Hayden Head_

HAYDEN HEAD
CHIEF JUDGE